THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM F. BOYLE, Respondent, *v.* FRANCIS V. GREENE, as Police Commissioner of the City of New York, Appellant.

*A patrolman temporarily assigned in 1901 to duty in the detective bureau in the city of New York — he is not entitled to be recognized as a detective sergeant.*

A patrolman on the police force of the city of New York who, on April 20, 1901, was temporarily assigned to duty in the detective bureau of the police force, and who, by respective assignments at the expiration of each period of five days, was continued in such position until August 8, 1901, when he was reassigned to duty as patrolman, is not entitled under section 290 of the revised Greater New York charter (Laws of 1901, chap. 466), which took effect in January, 1902, to be recognized as a detective sergeant of the police force, as that section only applies to patrolmen permanently assigned to duty in the detective bureau and who were performing the duties of detective sergeants when the section went into effect.

APPEAL by the defendant, Francis V. Greene, as police commissioner of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of June, 1903, granting a peremptory writ of mandamus compelling

the police commissioner to recognize the relator as a detective sergeant.

The statute under which the relator claimed the right to be recognized as a detective sergeant was section 290 of the revised Greater New York charter (Laws of 1901, chap. 466).

*Terence Farley,* for the appellant.

*Hyacinthe Ringrose,* for the respondent.

HATCH, J.:

It appears from the record in the present proceeding that prior to April 20, 1901, the relator was a patrolman upon the police force of the city of New York. On that day he was assigned to the performance of duty in the detective bureau of such police force under the terms of the following order:

"NEW YORK, *April* 20, 1901.
"Captain TITUS,
        "Detective Bureau:
   "DEAR SIR.— Patrolman William F. Boyle, of Twenty-fifth precinct, is hereby temporarily assigned to duty in your office for five days, from 8 A. M., 20th inst.
            "WILLIAM S. DEVERY,
        "*First Deputy Commissioner of Police.*"

Pursuant to this assignment, and in accordance with its terms as to character and duration, the relator was continued in this position by respective assignments at the expiration of each five-day periods up to and including August 8, 1901. On the 9th day of August, 1901, the then police commissioner of the city of New York issued an order to the force, commanding officers of precincts and squads, including the detective bureau, which, among other things, provided: "All your details and assignments of patrolmen are hereby countermanded, to take effect at 6 P. M., 12th inst." Acting under this order the relator was relieved from his temporary assignment, and acted thereafter as a patrolman upon the police force of the city. The learned court below held that under the decisions of the Court of Appeals in *Matter of Sugden* v. *Partridge* (174 N. Y. 87) and *Matter of Fay* v. *Partridge* (Id. 526) the relator became by virtue of his assignment entitled to the position which he occupied

thereunder, and reaching this conclusion, directed that a peremptory writ of mandamus issue, commanding his restoration to such rank with all of the privileges and emoluments belonging thereto. We are of opinion that the relator has not brought himself within the provisions of section 290 of the revised Greater New York charter (Laws of 1901, chap. 466) which was the subject of construction by the Court of Appeals, and that he is not entitled to the writ which has been granted. We think that there are two fatal objections to his claim and that the case of *Matter of Sugden* v. *Partridge* (*supra*) instead of supporting his right to the position is a direct authority in defeat of the application. In the *Sugden* case the relator therein was assigned to duty at the pleasure of the commissioner. The assignment was permanent in character, and in no sense did it fall within the definition of a temporary designation, as he might continue therein for a period of years, or during his life, as the pleasure of the commissioner should be exercised. In the case of the relator his assignment was temporary only for the fixed period of five days, and was so expressed in the order assigning him to duty. At the expiration of the five days he ceased by virtue of the character of the assignment to be authorized to perform duties as a detective sergeant, and no act of the commissioner of police was necessary to effect such result. Such was the interpretation placed upon the order by his superior in authority, as continuous orders were issued at the expiration of each five days during the entire period of his assignment to duty, and when that specified period ended, he was relieved from such position and again performed duties as a patrolman of the police force. The character of the assignment in the *Sugden* case was a controlling feature in the determination. The court said, in speaking upon this subject: "The resolution adopted by the board of police, as we have seen, designated and assigned the petitioner to detective duty in the detective bureau with the rank of a detective sergeant. It is not stated in the resolution that the designation was temporary. The police board is required to maintain a bureau of detectives. They are required to select and designate from the patrolmen a sufficient number to make the detective force efficient. The patrolmen so designated under the statute are vested with the same authority and entitled to receive the same salary as ser-

geants of police. A designation so made may continue indefinitely, even during the life of the person designated. True, he may be reduced to the grade of a patrolman at the option of the board, but this reserve power in the board does not operate to deprive the detective sergeant of his status as such officer during the time that he is invested with the powers and duties of the office." The court here makes clear distinction between the case of a temporary appointment and one permanent in character, and the clear inference is that the rule would not apply in the event of a mere temporary designation. In the *Sugden* case it was permanent, and, therefore, the relator became entitled to the position. In the present case it was temporary, and, therefore, it expired when the temporary period ended. But, further, the revised charter did not take effect until January 1, 1902. The relator's temporary assignment expired on the 8th day of August, 1901. In speaking upon this subject the Court of Appeals said in the *Sugden Case (supra)*: "If a statute is capable of two constructions, one of which is in harmony with the provisions of the Constitution and the other not, that should be adopted which will preserve the statute, if such construction is just as consistent with the legislative intent as the other. And in order to give effect to the Legislature's intent, words and phrases may be eliminated or supplied. We are inclined to the view that it was the intention that this provision should apply to those who continued in the position until this act took effect; but if this were not so, the objectionable provision could be eliminated, leaving all the other provisions of the act in force as applying to those persons filling the office at the time the act went into effect." This language construes the statute so as to uphold it, and such construction shows that the relator is outside its provisions. He was not performing the duties of a detective sergeant when the act went into effect, and as the construction of the act is limited to those persons who were then in office, it is clear that the relator is excluded from its benefit. It is the clear inference that this construction was essential in order to preserve this feature of the act as a constitutional enactment. In no view, therefore, is it made to appear that the relator is entitled to the benefit of the act. This conclusion renders it unnecessary to consider other and serious questions presented by the record or to pass upon the *laches* insisted upon.

It follows that the order should be reversed and the motion for the writ denied, with fifty dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred; LAUGHLIN, J., concurred on second ground.

Order reversed and motion for writ denied, with fifty dollars costs and disbursements.