(49 Misc. Rep. 607.)

### PEOPLE ex rel. COHEN v. BINGHAM.

(Supreme Court, Special Term, New York County. February, 1906.)

MUNICIPAL CORPORATIONS—PROMOTION OF POLICEMEN.

A motion for peremptory mandamus, directing the police commissioner to recognize relator as detective sergeant, will be denied where the evidence showed that relator was assigned to detective duty for a certain period, when he was promoted to roundsman and assigned to regular police duty, and that at the time he was temporarily assigned to detective duty the position of detective sergeant could be attained only upon examination and promotion, according to the rules of the civil service commission.

Application by the people, on the relation of one Cohen, for a writ of mandamus against one Bingham. Writ denied.

John J. Delany, Corp. Counsel, for defendant.

BLANCHARD, J. This is a motion for a peremptory mandamus directing the police commissioner to recognize and grade the relator as detective sergeant. The affidavits show that in February, 1905, by an assignment, the temporary character of which was duly explained to the relator, he was assigned to detective duty in Brooklyn Borough headquarters squad, and continued to perform detective duty until September, 1905, when he was promoted to roundsman and assigned to regular police duty. The laches of the relator and the temporary character of his assignment might afford grounds for denying his motion. People ex rel. Boyle v. Greene, 87 App. Div. 421, 84 N. Y. Supp. 484, affirmed 180 N. Y. 504, 72 N. E. 1147. The decision may be rested on the broader ground, however, that at the time the relator was temporarily assigned to detective duty the position of detective sergeant could be attained only upon examination and promotion in accordance with the rules of the civil service commission. People ex rel. Gilhooly v. McAdoo, 108 App. Div. 1, 95 N. Y. Supp. 400; People ex rel. Maher v. Green, N. Y. Law J. Dec. 3, 1903, affirmed 92 App. Div. 621, 86 N. Y. Supp. 1143; Id., 179 N. Y. 563, 71 N. E. 1137. Accordingly the motion is denied.

Motion denied.